**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BIANCA MICHELLE JONES, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-cv-02325-SHL-cgc |
| NELNET SERVICING, LLC, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING IN PART DEFENDANT'S OPPOSED MOTION FOR**
**EXTENSION OF RESPONSE DEADLINE TO PLAINTIFF'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

Defendant Nelnet Servicing, LLC seeks a seven-day extension of its deadline to respond to Plaintiff's partial motion for summary judgment. (ECF No. 131.) Nelnet filed its motion at 12:00 a.m. the day <u>after</u> the deadline, and its justification for needing more time is equally as unimpressive as its tardiness in requesting it: "The undersigned counsel for Nelnet has not been able to give the Motions [sic] sufficient attention to prepare responses [sic] due to the long hours required in other cases over the past month for unanticipated legally and factually complex task [sic] in other cases." (<u>Id.</u> at PageID 4878.)

Plaintiff opposes the motion because "Nelnet has repeatedly flouted this Court's deadlines and orders throughout the life of this case" by "engaging in discovery obstructions, ignoring clear directives, and now missing a dispositive briefing deadline." (ECF No. 132 at PageID 4885–86.) The Court is inclined to agree with Plaintiff—indeed, Nelnet has consistently waited until at or beyond the eleventh hour[1] to accomplish anything in this matter, and this is not

---

[1] Everything Nelnet has filed and submitted since at least April 22, 2025, has been between the hours of 11:00 p.m. and 1:00 a.m. (<u>See</u> ECF No. 88 (filed at 11:32 p.m.); ECF No. 89 (filed at

the first time that Nelnet's tardiness could result in a substantive disadvantage.  The Court is already considering two different motions for sanctions against Nelnet for its repeated failure to comply with timelines set by the rules and the Court.  (See ECF Nos. 83, 94.)

A party requesting to extend a deadline after it has already passed must demonstrate both good cause and excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  "The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  Howard v. Nationwide Property Cas. Ins. Co., 306 F. App'x 265, 266 (6th Cir. 2009) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395 (1993)).  The Court must assess (1) the danger of prejudice to Plaintiff, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was reasonably within the control of Nelnet, and (5) whether Nelnet acted in good faith.  See id. (quoting Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2009)).

Nelnet's reason for its delay is inexcusable, and counsel's ability to prioritize cases with substantive deadlines is entirely within his control.  But the delay here is minimal—Nelnet filed its request for an extension one minute late, and it requests an extra week to respond.  Because the length of the extension is relatively short, and because the Court is not granting it in its

---

11:52 p.m. the day of the deadline); ECF No. 90 (filed at 11:55 p.m. the day of the deadline); ECF No. 91 (filed at 11:57 p.m.); ECF No. 92 (filed at 12:10 a.m.); ECF No. 93 (filed at 12:26 a.m.); ECF No. 105 (filed at 11:57 p.m. the day of the deadline); ECF No. 106 (filed at 11:59 p.m. the day of the deadline); ECF No. 107 (filed at 12:00 a.m.); ECF No. 108 (filed at 12:01 a.m.); ECF No. 109 (filed at 12:08 a.m.); ECF No. 118 (filed at 11:01 p.m. the day of the deadline); ECF No. 119 (filed at 11:03 p.m. the day of the deadline); ECF No. 120 (filed at 11:09 p.m. the day of the deadline); ECF No. 121 (filed at 11:13 p.m. the day of the deadline); ECF No. 122 (filed at 11:15 p.m.); ECF No. 127 (filed at 11:53 p.m. the day of the deadline); ECF No. 130 (filed at 11:55 p.m. the day of the deadline); ECF No. 131 (filed at 12:00 a.m. the day after the deadline).)  Counsel for Nelnet submitted a proposed order at 12:53 a.m. on April 23, at 12:20 a.m. on May 8, and at 11:23 p.m. on July 21.

entirety, Plaintiff will not be unduly prejudiced by Nelnet's delay.[2]  However, it is unclear whether Nelnet has truly acted in good faith.  As Plaintiff correctly notes, Nelnet has displayed a "consistent pattern of dilatory conduct."  (ECF No. 132 at PageID 4886.)  The Court has repeatedly expressed its frustrations with Nelnet's refusal to respect the deadlines set by both the Court and the rules.  Nevertheless, even though Nelnet has not demonstrated that it acted in good faith, it is not clear that Nelnet acted in bad faith in this particular instance.

Thus, although it is a close call, the factors generally weigh in favor of granting an extension.  Nelnet's motion is **GRANTED IN PART**.  It would not be fair for Nelnet to receive an extra seven days to respond to Plaintiff's motion when Plaintiff's counsel sacrificed their weekend to complete Plaintiff's response to Nelnet's motion, "despite myriad other professional and personal responsibilities."  (ECF No. 132 at PageID 4884.)  Nelnet must file its response by **5:00 p.m. CDT on August 21**.  Any response filed after the deadline will be stricken.

**IT IS SO ORDERED,** this 20th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that Nelnet will gain a tactical advantage by being able to read through Plaintiff's response before Nelnet files its own.  (ECF No. 132 at PageID 4885.)  But Plaintiff's argument is premised on the idea that Nelnet's counsel has time to even read Plaintiff's response. Given his self-admitted lack of attention to this case, it is unlikely that Plaintiff has cause for concern.