# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BIANCA MICHELLE JONES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:24-cv-02325-SHL-cgc |
| | ) |
| NELNET SERVICING, LLC, | ) |
|     Defendants. | ) |

**ORDER REGARDING PARTIES' RESPONSE TO SHOW CAUSE ORDER**

On October 22, 2025, Plaintiff Bianca Jones and Defendant Nelnet Servicing, LLC jointly filed a Notice of Settlement. (ECF No. 139.) Under Local Rule 83.13, the Parties had twenty-eight days after the filing of the Notice to comply with Federal Rule 41(a)(1)(A)(ii) and enter a stipulation of dismissal, but that deadline passed with no update from the Parties. Ten days later, after the Court ordered the Parties to show cause for this failure to comply with the rule or face sua sponte dismissal under Local Rule 83.13, (ECF No. 141), the Parties jointly filed a Response to Order for Parties to Show Cause. (ECF No. 142.)

The Parties state that their delay in filing the stipulation of dismissal arose from their negotiations about the written terms of the settlement agreement. (ECF No. 142 at PageID 5280–81.) They "have gone back and forth on some particular terms for the past couple of weeks" and are close to finalizing the agreement "in the next few days." (Id. at 5281.) Further, their agreement "calls for at least thirty days to perform and stipulate to the dismissal of the case." (Id. (citation modified).) Finally, the Parties request "an additional thirty days" to file the stipulation of dismissal, partly because such an extension aligns with the "timeframe" in the

settlement agreement.[1]  (Id.)

No grounds currently exist for the Court to exercise its discretion under Local Rule 83.13(b) and dismiss this case, and dismissal would be unfair at this stage with the Parties so close to settlement.  But no continued delay will be tolerated.  Jones and Nelnet have now had over a month to negotiate the settlement and enter a stipulation of dismissal.  The Parties shall have an additional **twenty-eight days** after the entry of this Order to file the stipulation of dismissal.  In light of their largely unexplained delay, their lack of notice to the Court, and under the Court's "inherent authority to control its docket," see Jordan v. City of Detroit, 557 F. App'x 450, 456–57 (6th Cir. 2013) (internal quotations omitted), the Parties are **ORDERED** to file a joint status report on December 16, 2025, updating the court about the progress of negotiations, execution of the settlement agreement, and when they expect the joint stipulation to be completed.

**IT IS SO ORDERED,** this 2nd day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Parties did not seek an extension of time by motion, nor did they address the relevant factors under Federal Rule 6(b) for extending the time available to comply with Local Rule 83.13 and Federal Rule 41.